**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**GEORGE BOLES,**<br><br>    Debtor. | Chapter 7<br><br>Case No. 09-40021 (CEC) |
| **GEORGE BOLES,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY (d/b/a AMERICAN EDUCATION SERVICES), NATIONAL COLLEGIATE TRUST, JPMORGAN CHASE BANK, N.A., and UNITED STATES DEPARTMENT OF EDUCATION,**<br><br>    Defendants. | Adv. Pro. No. 14-01017 (CEC) |

**STIPULATION AND ORDER**
**DISCHARGING STUDENT LOAN DEBT**

This Stipulation and Order Discharging Student Loan Debt (this "Stipulation") is entered into among George Boles ("Plaintiff"), National Collegiate Trust ("NCT"), and Pennsylvania Higher Education Assistance Authority (d/b/a American Education Services) ("PHEAA," and together with Plaintiff and NCT, the "Parties"), by and through their undersigned attorneys.

**Recitals**

A.  Plaintiff commenced the above-captioned chapter 7 case on January 5, 2009. On April 7, 2009, this Court entered an order [Docket No. 19] granting Plaintiff a discharge under section 727 of title 11 of the United States Code (the "Bankruptcy Code").

B.  Plaintiff commenced this adversary proceeding to discharge certain debts pursuant to Bankruptcy Code section 523(a)(8) by filing a complaint on January 28, 2014 [Docket No. 1].

C.  On June 10, 2014, Plaintiff filed an amended complaint against the above-named defendants [Docket No. 8] (the "Amended Complaint") and on June 13, 2014, Plaintiff properly served such complaint, together with a summons [Docket No. 9], on NCT and PHEAA.

D.  This Stipulation concerns Plaintiff's debt in respect of that certain National Collegiate Student Loan Trust 2007-3 student loan no. 001, originally disbursed to Plaintiff on June 27, 2007 in the amount of $24,724.02, with an outstanding balance of approximately $22,168.55 (the "Student Loan Debt").

E.  Plaintiff asserts, and NCT disputes, that the Student Loan Debt is dischargeable pursuant to sections 523(a)(8) and 727.  Nevertheless, in the interest of avoiding the uncertainty and expense of litigation, NCT has consented to the discharge of the Student Loan Debt, solely in this adversary proceeding and with no admission being made as to Plaintiff's claim that the Student Loan Debt is dischargeable.

## Stipulation

Subject to approval of this Stipulation by this Court, the Parties stipulate:

1.  The recitals above are hereby incorporated into the within stipulation by reference as though they were fully stated herein.

2.  Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against NCT or PHEAA in any action, arbitration proceeding, or any other action or proceeding other than one to interpret or enforce the terms of this Stipulation.

3.      Each of NCT and PHEAA represents and warrants, respectively, that NCT is the sole owner and holder of the loan described in Paragraph D, and that PHEAA is NCT's servicer with respect to such loan.

4.      The Parties agree the Student Loan Debt constitutes, within the meaning of section 523(a)(8), a debt for (a) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded by a governmental unit or nonprofit institution; (b) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (c) a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986.

5.      Pursuant to sections 523(a)(8) and 727, Plaintiff's Student Loan Debt is discharged in full.

6.      The Amended Complaint is dismissed with prejudice as against NCT and PHEAA pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7041 of the Federal Rules of Bankruptcy Procedure.

7.      This Stipulation disposes of and adjudicates all claims against NCT and PHEAA raised in the Amended Complaint, and shall constitute a final judgment against such Parties entered in this adversary proceeding pursuant to Rule 58 of the Federal Rules of Civil Procedure, made applicable by Rule 7058 of the Federal Rules of Bankruptcy Procedure.

8.      Each Party shall bear its own legal fees, costs, and expenses with respect to this adversary proceeding.

9.      Each person executing this Stipulation represents he is duly authorized to execute the same on behalf of the respective Parties hereto for the purpose of binding such Party and without obtaining the authorization or consent of any other entity, and each such Party has full knowledge of and has consented to this Stipulation.

10. This Stipulation constitutes the entire agreement among the Parties concerning the subject matter hereof.

11. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by e-mail or fax, and each of which shall be deemed an original, but all of which when taken together shall constitute one instrument.

12. This Court shall retain jurisdiction to interpret and enforce the terms of this Stipulation.

Dated: August 22, 2014

| /s/ Jeffrey Chubak | /s/ Douglas T. Tabachnik |
|---|---|
| Michael P. Kessler | Douglas T. Tabachnik |
| Arielle Kane | LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. |
| Jeffrey Chubak | Woodhull House |
| Steve Ma | 63 West Main Street, Suite C |
| PROSKAUER ROSE LLP | Freehold, New Jersey 07728 |
| Eleven Times Square | Tel: (732) 780-2760 |
| New York, New York 10036 | Fax: (732) 792-2761 |
| Tel: (212) 969-3000 | |
| Fax: (212) 969-2900 | *Attorney for PHEAA* |

*Attorneys for Plaintiff*

/s/ Geoffrey J. Peters
Geoffrey J. Peters
WELTMAN, WEINBERG & REIS CO., LPA
3705 Marlane Drive
Grove City, Ohio 43123
Tel: (614)883-0678
Fax: (614) 801-2601

*Attorney for NCT*

**So Ordered.**

**Dated: Brooklyn, New York**
**September 3, 2014**

**Carla E. Craig**
**United States Bankruptcy Judge**

4